(116 App. Div. 699)

### PRIME et al. v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

1. MUNICIPAL CORPORATIONS—TORTS—AGENTS.

The board of health of the city of Yonkers, created by Laws 1881, p. 265, c. 184, tit. 9, § 1, and consisting of the mayor, supervisor, president of the common council, president of the board of water commissioners, president of the board of police, and the health officer, was not the agent or servant of the city, and it was not liable for any negligence on the part of such board.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1566, 1575.]

2. SAME—OBSTRUCTIONS IN WATER COURSES.

Where a city placed a structure in a natural stream, so that it changed the flow of the waters from their natural channel, and thereafter the board of health, which was not the agent of the city and for whose negligence the city was not responsible, removed certain dams, whereby the current was greatly increased, and such increased current was so deflected by the structure in the stream as to wash away the foundations of plaintiffs' buildings, the city was liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1784.]

Appeal from Special Term, Kings County.

Action by Ralph E. Prime and another against the city of Yonkers. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

John F. Brennan, for appellant.
Henry Bacon (Ralph Earl Prime, Jr., on the brief), for respondents.

WOODWARD, J. There is no substantial dispute as to the material facts in this case. The plaintiffs, some time prior to the year

1890, purchased two lots known as Nos. 25 and 27 Warburton avenue, in the city of Yonkers, and in that year constructed a brick and frame building upon the southerly half of their premises; such premises being located upon the banks of the Nepperhan river, a stream running through the city. This stream is nonnavigable. For a period of 40 years prior to the purchase of the premises by the plaintiffs the Nepperhan river had been utilized as a water power; one dam being located below the plaintiffs' premises and five above the same. In the year 1860 the then village of Yonkers laid out and opened Warburton avenue as a public highway in front of the premises now owned by the plaintiffs, and across one of these millponds; thus dividing the pond into two sections. The waters from the easterly portion were conducted under the new street by two openings; the northerly one being slightly above the plaintiffs' premises. In 1878 the defendant closed the southerly opening, and enlarged and reconstructed the northerly one. It appears from the evidence that in making this change the defendant left certain walls or abutments in the bed of the pond in such a manner as not to interfere with the free flow of the waters through the pond as it then existed, but which, under the facts hereafter to be mentioned, operated to work damage to the plaintiffs, and this negligent act on the part of the defendant appears to be the substantial cause of complaint on the part of the plaintiffs.

This was the situation at the time plaintiffs constructed their building upon the bank of the stream in 1890. They were located upon this river, the outlet to the pond being just above their premises, with no apparent obstruction to the flow of the water, or anything apparently intended to change the course of the stream in flowing past the premises of the plaintiffs. In the year 1893 the board of health of the city of Yonkers, and which is alleged to have been the agent of the defendant, tore down and destroyed all of the dams in the Nepperhan river in the city of Yonkers, both above and below the plaintiffs' premises. The complaint alleges that this work was negligently done on the part of the defendant, no precautions being taken to protect the buildings of the plaintiffs upon the banks of the stream, and that as a result of the removal of these dams the Nepperhan river was changed from a sluggish or impounded stream to a rapidly moving torrent, especially at high water, and that by reason of the change in the force of the current the stream has cut down below the old level of the pond from seven to ten feet, and that this has exposed the original wall left there by the defendant in 1878, resulting in a radical change in the direction of the flow of the waters, throwing them directly against the foundations of the plaintiffs' buildings and undermining them to such an extent as to require many thousands of dollars expenditure in protecting the property. The defendant, subsequent to the commencement of this action, removed the old wall, and the court refused the injunctive aid asked for by the plaintiffs, but gave a judgment for the amount of the damages sustained by the plaintiffs. The defendant appeals.

It is further urged by the plaintiffs in their complaint that the defendant, after the destruction of these dams, laid out, opened, paved,

and guttered streets within and without the drainage area of the Nep-
perhan river in the city of Yonkers, in such a way as to rapidly accu-
mulate and discharge the rainfall into the said stream, thus increasing
the danger to the property of riparian owners; but, in the view we take
of this case, it is not necessary to determine whether the defendant
was within its rights in this regard or not.   By the provisions of title
9, § 1, c. 184, p. 265, of the Laws of 1881, the mayor, the supervisor,
the president of the common council, the president of the board of
water commissioners, the president of the board of police, and the
health officer were constituted a board of health for the city of Yon-
kers, and this body, in no way answerable to the common council or to
the city in its corporate capacity for its acts, appears to have acted
under the provisions of section 2 of the above title in tearing out the
dams in the Nepperhan river.   We are quite clear that under the rule
laid down in Bamber v. City of Rochester, 26 Hun, 587, 589, and ap-
proved (97 N. Y. 625), the board of health of the city of Yonkers
is not the agent or servant of the defendant, and that for any act of
negligence on the part of the said board of health the city of Yon-
kers is not liable.   We are none the less persuaded that the plaintiff
has a right to recover the damages which he has suffered.

It will be assumed that the defendant is not liable to the plaintiffs
by reason of anything done in laying out Warburton avenue in 1860,
or in the construction of the bridge or causeway over the millpond
in the conditions then prevailing; for it is not pretended that any dam-
ages resulted to the premises until some years after the plaintiffs had
constructed their building in 1890.   But it does appear that in con-
structing this bridge or causeway in 1860 the defendant constructed
a wall diagonally across the channel of the stream in its natural course,
and that, when the work of reconstructing this bridge was undertaken
in 1878, this wall was cut down to about the level of the millpond
as it then stood, and was left there by the defendant.   This did not
constitute actionable negligence, in so far as the plaintiffs are con-
cerned, or their predecessors in title, for no damages resulted.   The
impounded waters, with an adequate outlet for the flow of the stream
above the capacity of the dam, were not affected by the old wall, for the
waters flowed over it in a sluggish way, and did not follow the
original channel.   When, however, the board of public health, com-
posed of the leading public officials of the city, abolished the dams in
the river and caused the water to flow in the natural channel, it be-
came the duty of the city of Yonkers to remove any structure which
it may have placed in the stream which operated to change the flow
of the waters from their natural channel, to the damage of these plain-
tiffs.   The city of Yonkers would clearly have had no right to con-
struct the wall after the dams were removed in such a manner as to
change the natural flow of the stream to the damage of the plain-
tiffs, and it could have no higher right to maintain the same under the
conditions existing in the absence of a prescriptive right, which it
could not have gained by reason of the existence of the wall under
the old conditions.   The defendant appears to have recognized this
fact, for it has, since the commencement of this action, removed the

obstruction, and the court has refused to the plaintiffs the injunctive relief because of this change in the situation, yet the defendant is here urging that it is not liable for the damages which the plaintiffs have suffered through its wrong. We cannot agree with that contention. The defendant gained all of its rights in respect to Warburton avenue and its bridges across the millponds while the Nepperhan river at this point was used for private purposes. While its milldams constituted private property, and when the time came that these milldams became a public nuisance, and the dams were removed by public authority for the purpose of restoring the stream to its normal flow, it became the duty of the city of Yonkers to adjust itself to this changed condition, and not to permit its former structures, for which it is not urged there was any reason or necessity after the year 1878, to work damages to those lawfully occupying premises upon the banks of this stream. The evidence shows that by the removal of the dams the stream became rapid in its flow, that it cut down below the former bed of the millponds some seven to ten feet, and that the old wall maintained by the city of Yonkers, for no other apparent purpose than to save the expense of removing the same, operated to throw the waters of this stream, augmented to some extent by the flow of gutter waters into the river, against the foundations of the plaintiffs' buildings, thus doing the damage for which a judgment has been entered in this action. We are of opinion that under these facts the judgment is right, and should be sustained.

The judgment appealed from should be affirmed, with costs. All concur.